25084.   PATRICK *v.* THE STATE.

GUERRY, J.   The crime of burglary was clearly proved; and while the defendant's connection with it was shown only by circumstantial evidence, the circumstances were such that this court can not say the jury was not authorized to find that they pointed to his guilt to the exclusion of every other reasonable hypothesis.   There was no abuse of discretion in overruling the motion for new trial.

      *Judgment affirmed.   Broyles, C. J., and MacIntyre, J., concur.*

DECIDED NOVEMBER 2, 1935.

*Pemberton & W. J. Cooley,* for plaintiff in error.
*Clifford Pratt, solicitor-general,* contra.

25118.   HUGHIE *v.* THE STATE.

DECIDED NOVEMBER 2, 1935.

*W. B. Robinson,* for plaintiff in error.
*John C. Mitchell, solicitor-general,* contra.

GUERRY, J.   The defendant was indicted for larceny of an automobile.   The only evidence in the record before this court, tending in any manner to connect the accused with the alleged offense, was his proximity to the scene of the crime, and therefore his opportunity to have committed it; and the testimony of a witness that he recovered the stolen automobile in Ball Ground, Georgia; that the sheriff left the defendant in Canton jail, and that the defendant stated to the witness that he had bought the car from somebody in Murphy, N. C.   The evidence was not sufficient to show that the defendant was found in the recent possession of the stolen automobile, and (being wholly circumstantial) was not sufficient to exclude every reasonable hypothesis save that of his guilt. Code of 1933, § 38-109.   The judge erred in overruling the motion for new trial.

      *Judgment reversed.   Broyles, C. J., concurs.   MacIntyre, J., dissents.*